# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BENNIE COVINGTON, JR.

CIVIL ACTION

VERSUS

NO. 19-201-JWD-RLB

TOWN OF JACKSON, ET AL.

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6)* (Doc. 3) filed by Defendants, the Town of Jackson and Richard Baudoin (collectively "Defendants"). Plaintiff Bennie Covington, Jr. ("Covington" or "Plaintiff") opposes the motion. (Doc. 6.) Defendants have not filed a reply. Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

### I.  Background

#### A.  Relevant Facts

The following factual allegations are taken from Plaintiff's *Petition for Damages* ("*Petition*" or "*Pet.*") (Doc. 1-2.) They are assumed to be true for purposes of this motion. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Plaintiff claims that on or about October 8, 2017 he was heading home and stopped at a gas station where he encountered Officer Baudoin of the Jackson Police Department. (*Pet.* ¶ 4.) Plaintiff alleges that Officer Baudoin "harass[ed]" him "without probable cause nor justification" before allowing him to leave the station. (*Id.*) Later that evening, Plaintiff spotted Officer Baudoin's parked vehicle when heading home. (*Id.* ¶ 5, Doc. 1-2 at 2.) He claims that upon seeing him, Officer Baudoin started following him even though he was driving within the speed

limit. (*Id.* ¶ 6.) According to the *Petition*, Officer Baudoin subsequently pulled him over to commence a traffic stop in a poorly lit and vacant park which caused Plaintiff to fear, given previous encounters with the officer. (*Id.* ¶¶ 8–10.)

During the stop, Officer Baudoin allegedly began to harass Plaintiff again which made him fearful. (Id. ¶¶ 10–11.) Plaintiff claims that this caused him to re-enter his vehicle to drive to a better-lit area "for fear of his life and safety." (*Id.* ¶¶ 10–11.) Officer Baudoin pursued Plaintiff with his lights and sirens activated. (*Id.* ¶ 11.) While being followed, the Plaintiff panicked and wrecked his vehicle, hitting a tree." (*Id.* ¶ 13.) Plaintiff's vehicle was reported to have traveled about 165 feet before impacting a tree around 9:00 p.m. (*Id.*) Plaintiff claims that the impact left him unable to leave the vehicle and seriously injured. (*Id.* ¶ 14, Doc. 1-2 at 3.) Plaintiff was thereafter charged with Resisting Officer by Flight. (*Id.* ¶ 15.)

Plaintiff claims that Officer Boudin violated his constitutional right "to be free from malicious arrest," and that his lack of probable cause and failure to read the Plaintiff his *Miranda* Rights caused him "unlawful arrest, wrongful imprisonment and malicious prosecution." (*Id.* ¶ 16.) Plaintiff further averred that as a result of the defendants' actions, the Plaintiff "was falsely arrested, detained, and charged without . . . probable cause by the Town of Jackson Police Department." (*Id.* ¶ 18.) Plaintiff also alleges that excessive force was used against him. (*Id.* ¶ 19.) Plaintiff avers that the Town of Jackson maintained policies which resulted in the inadequate investigation of complaints, inadequate training and inadequate supervision of officers. (*Id.* ¶ 23–26, Doc. 1-2 at 4.) The Plaintiff has asserted claims against the Defendants pursuant to the United States Constitution's Fourth and Fourteenth Amendments, the Louisiana State Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and Louisiana Civil Code articles. (*Id.* ¶ 30.)

### B. Procedural History

Plaintiff filed his Petition on October 4, 2018 in the 20th Judicial District Court in East Feliciana Parish. (*Pet.*, Doc. 1-2 at 1.) The petition included a request to serve the Town of Jackson/ Parish of East Feliciana, Chief Dousay and the Jackson Police Department, and Officer Richard Baudoin. (*Pet.*, Doc. 1-2 at 8.) Plaintiff's counsel also initially filed a request to proceed in forma pauperis. *("Memorandum in Support"* or *("Memo. in Support")*, Doc. 3-3 at 1–2). On October 15, 2018 the East Feliciana Clerk of Court sent Plaintiff a bill for $174.50 due on the case. ("*Memorandum in Opposition*" or ("*Memo. In Opposition*"), Doc. 6 at 2, Ex. 1, at 7.) Plaintiff paid the balance on October 30, 2018. (*Memo. In Opposition*, Ex. 2, at 9.)

On February 27, 2019, after receiving no answer from Defendants, Plaintiff inquired with the Clerk of Court who informed Plaintiff an additional $325 was needed to complete service. (*Memo. In Opposition*, Ex. 3-4, at 10–15.) Plaintiff paid the additional fee the same day and service of the Petition was effectuated on the Defendants on March 8, 2019. (*Id.*)

On April 5, 2019, all Defendants filed a *Notice of Removal* with this court, to remove the pending litigation from the 20th Judicial District Court to the federal court. (*Notice of Removal*, Doc. 1 at 1–3.) Removal of the case was based on Federal Question jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 and violations of his Fourth Amendment rights. *(Notice of Removal*, Doc. 1 at 1–3.)

On May 16, 2019, Defendants filed the instant motion to dismiss Plaintiffs claims in this court. (*Memo. In Opposition*, Doc. 3.) The motion to dismiss is brought under Federal Rule of Civil Procedure ("Rule") 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *(Memo. In Opposition*, Doc. 3-1 at 1.)

## II. Rule 12(b)(5) Motion to Dismiss

### A. Relevant Standards

Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 F. App'x 343 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The district court has broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Laplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Buillion v. Gillepsie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted)). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* ("Proof by preponderance of the evidence is not required."). However, in assessing whether the plaintiff has presented a prima facie case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*,

253 F.3d 865, 869 (5th Cir. 2001)). The court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)); *cf.* Fed. R. Civ. P. 12(d) (listing only motions under Rule 12(b)(6) and 12(c) as requiring conversion to summary judgment if evaluated on matters outside the pleadings).

Proper service of process is an essential part of the procedure for establishing and proving personal jurisdiction. *Carimi*, 959 F.2d at 1349; *see also Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985). In the absence of valid service of process, proceedings against a party are void. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

### B. Parties' Arguments

Defendant argues that the Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for dismissal of an action for insufficient service of process. (*Memo. in Support*, Doc. 3-1 at 3.) Defendant and Plaintiff agree that in evaluating sufficiency of service in a removed action, the district court must look at state law to determine whether service was proper. (*Memo. in Support*, Doc. 3-1 at 3; *Memo. in Opposition,* Doc. 6 at 2–3; citing *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)). Consequently, Defendant argues service must be proper under Louisiana Revised Statutes 13:5107(D) which sets requirements for serving political subdivisions of the state such as the Town of Jackson. (*Memo. in Support*, Doc. 3-1 at 3). The Defendant avers that the plaintiff did not "request" service of process within the meaning of the Revised Statutes within the 90 days prescribed. (*Memo.in Support*, Doc. 3-1 at 3). Defendant cites *Jones v. Iberville Parish Council* for the proposition that "payment of fees for service" and the clerk of court's receipt of "the request for service" such that it "can then act on it" are prerequisites

5

for service to be deemed requested. (*Memo. in Support*, Doc. 3-1 at 3). Defendant argues Plaintiff did not pay for service or receive pauper status until outside of the ninety-day period for service. (*Memo. in Support*, Doc. 3-1 at 4.)

Furthermore, under Louisiana Revised Statutes 13:5107(D)(2), dismissal without prejudice must be granted unless good cause, which is "strictly interpreted" by Louisiana courts, is shown. (*Memo. in Support*, Doc 3-1 at 4–5.) Additionally, Defendant argues that the claim is prescribed because failing to effect service when required to do so under Louisiana Revised Statutes 13:5107 wipes out the traditional interruption of prescription created by filing in a court of competent jurisdiction and venue. (*Memo. in Support*, Doc 3-1 at 4–5.) Thus, defendant requests Plaintiff's claims to be dismissed with prejudice. (*Memo. in Support*, Doc 3-1 at 4–5.)

Plaintiff opposes the Defendants Motion to dismiss and filed a Memorandum in Opposition. (*Memo. in Opposition*, Doc. 6.) In his memorandum, Plaintiff argues that filing and delivery of the petition, its request for service on the defendant, and subsequently paying the first fee to the clerk of court was enough for service to be requested within the meaning of La. R.S. 13:5107. (*Memo. in Opposition*, Doc. 6 at 3.) Plaintiff further avers that the goal of service, to ensure the defendant receives notice of the litigation in a reasonable time, was fulfilled. (*Memo. in Opposition*, Doc. 6 at 4.) Additionally, plaintiff argues that in the event service was not requested timely, a purported mistake by the Clerk's Office on the balance due constitutes good cause. (*Memo. in Opposition*, Doc. 6 at 4.) Plaintiff avers that because service was properly requested, prescription should be interrupted. (*Memo. in Opposition*, Doc. 6 at 6.) Plaintiff ultimately notes he "never asked the Clerk of Court to withhold service" and "personally paid filing fees associated with the case" which "thus negated the failure to request for service within 90 days". (*Memo. in Opposition*, Doc. 6 at 6.)

## C. Applicable Law

In federal court, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. If service has been not been effected or was defective before removal to the district court, "service may be completed, or new process issued in the same manner as in cases originally filed in such district court". 28 U.S.C. § 1448. According the U.S. Fifth Circuit, "the district court must look to state law to ascertain whether service was properly made prior to removal, [but] this does not foreclose service being effected in the district court." *Freight Terminals, Inc. v. Ryder System, Inc*., 462 F.2d 1046, 1052 (5th Cir. 1972).

Under Louisiana law, service may generally be effected under Louisiana Code of Civil Procedure article 1201. However, service of a citation and process on the state or a political subdivision of the state is governed by La. R.S. 13:5107. *See generally Tranchant v. State of Louisiana*, 08-0978 (La. 1/21/09), 5 So. 3d 832. La. R.S. 13:5107(D)(1) provides that service upon the state, political subdivision, or any officer of employee thereof shall be requested within ninety days of the commencement of the action. *Id.* at 835. "If service is not requested within the time period provided, the action 'shall be dismissed without prejudice' after a contradictory motion as provided in La. C.C.P. art. 1672(C)." *Id.* at 834 (citing La. R.S. 13:5107(D)(2)). Under article 1672(C), the action shall be dismissed unless "good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time." LA. CIV. CODE art. 1672(C). Louisiana courts have strictly construed the good cause requirement. *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 02-2576 (La. 2/7/03), 841 So. 2d 725, 726.

7

Confusion over proper service information or inadvertence by the plaintiff's counsel are not enough to support a finding of good cause. *Burgo v. Henderson*, 12-332 (La. App. 3 Cir. 12/19/12), 106 So. 3d 275, 280. Under La. R.S. 13:5107(D)(3), if such a suit against the state is dismissed without cause, prescription is considered never to have been interrupted as to any state defendants for whom service was not requested. La. R.S. 13:5107(D)(3).

From the text of La. R.S. 13:5107, it is unclear what constitutes a "request" for service of process. La. R.S. 13:5107. However, the Louisiana Supreme Court has interpreted a request of service to occur when the "clerk receives the request for service and can then act on it." *Tranchant*, 5 So. 3d at 838. In *Tranchant*, the Supreme Court found service was not requested timely when the request was mailed on the ninetieth day, but not received until days later. *Id.* at 837. The court found that for the purposes of the statute, service is requested "when the clerk receives service instructions from the plaintiff" and not simply at the moment the plaintiff deposits the letter in the mail asking the clerk for service. *Id.* at 836. Additionally, the court noted that service requires an accurate request of service on the proper agent. *Id*.

Subsequently, the Louisiana Supreme Court found service was properly requested in *Morales v. State*. *Morales v. State ex rel. Bd. of Supervisors of LSU ex rel. Earl K. Long Med. Ctr.*, 12-2301 (La. 1/11/13), 106 So. 3d 104, 105. In *Morales*, the Court affirmed its *Tranchant* interpretation of a request, but reasoned that service was properly requested when a facsimile request for service was received within the ninety-day period although payment was not received until five days later. *Id*. Importantly, the plaintiffs had complied with the requirements of La. R.S. 13:850(A) which permits fax filing and payment of necessary fees within seven days. *Id*.

Other decisions by Louisiana courts have also interpreted what is required of a request and found service requested. In *Lathan Company, Inc. v. Division of Administration*, the Louisiana

8

First Circuit Court of Appeal found service properly requested by facsimile even though the plaintiff did not comply with the requirements for a facsimile transmission under La. R.S. 13:850(A). *Lathan Co., Inc. v. Div. of Admin.*, 17-0396 (La. App. 1 Cir. 1/24/19), 272 So. 3d 1, 6, *writ denied*, 19-0331 (La. 4/29/19), 268 So. 3d 1036. Although the plaintiff fax filed a letter requesting service, he did not immediately respond to the Clerk's acknowledgement of the request or file the original document and pay the required fees within seven days as prescribed by La. R.S. 13:850(B). *Id.* at 2–3. The original document in the case was not received until 126 days after the petition was fax filed. *Id*. at 3. In the wake of *Morales*, the court noted that the Louisiana Supreme court appeared to relax *Tranchant's* interpretation "that service is requested when it can be acted on." *Id.* at 6. Accordingly, the First Circuit found the requirements of La. R.S. 13:850 were not mandatory, and that service was requested if done within 90 days and accompanied with the payment of required fees or with pauper status. *Id.* This finding was due to First Circuit jurisprudence before *Tranchant* "which held [that] 'a request for service without payment of required fees, or without leave of court excusing such payment because of pauper status, simply is no proper request at all'". *Id.* (citing *Jenkins v. Larpenter*, 04-0318 (La. App. 1 Cir. 3/24/05), 906 So.2d 656, 659). Here, the plaintiff had sufficient funds in its account with the Clerk for service, and the court noted that to grant the motion to dismiss would adversely affect the "[plaintiff's] constitutional right of access to the court." *Id.* at 6.

Conversely, while *Lathan* and *Morales* have found service properly requested, several Louisiana courts have failed to find a proper request like in *Tranchant*. In *Eugene v. Duroncelet*, the Louisiana Fifth Circuit Court of Appeal found that service was not requested. *Eugene v. Duroncelet*, 19-224 (La. App. 5 Cir. 7/3/19), 275 So. 3d 971, 975, *writ denied*, 19-01393 (La. 11/25/19), 283 So. 3d 500. Although the Plaintiff claimed he mailed a letter and check, the Clerk

never received either, and thus the court found the request for service was untimely. *Id*. Likewise, in *Jones v. Iberville Parish Council*, the First Circuit affirmed a finding that service was not requested within the 90-day period. *Jones v. Iberville Par. Council*, 12-0391 (La. App. 1 Cir. 11/2/12), 111 So. 3d 83, 84. The court found that the clerk did not receive either payment for service or an order that pauper status was granted within 90-days of filing. *Id*.

### D. Analysis

Preliminarily, this Court agrees with the parties that, because service was attempted before removal to this court, Louisiana law regarding service controls. Accordingly, since the Defendants fall under the scope of the service provision in La. R.S. 13:5107 as a political subdivision and its officer or employee, this statute's requirements apply to service.

Based on the particular facts of this case and the Louisiana jurisprudence on the subject, this Court finds that service was timely requested under La. R.S. 13:5170. The Plaintiff included service information and a request to serve the three defendants on the final page of the petition when filed on October 4, 2019. (*Pet*., Doc. 1-2, at 8.) Additionally, the Plaintiff filed an affidavit that he would be unable to pay court costs and requested pauper status. (*Memo. in Support*, Doc. 3-3 at 1–2.) Although the Plaintiff did not attend the hearing on November 5, 2018, he did pay the bill that was sent to him from the clerk on October 30, 2018. (*Memo. in Opposition*, Doc. 6 at 7–9.) The bill and receipt from the Clerk's office suggest that the Clerk did in fact receive the petition with the attached request for service. (*Memo. in Opposition*, Doc. 6 at 7–9.)

This case is distinguishable from those cases which found service not to be requested. Unlike *Tranchant*, this Plaintiff did send the request before the end of the 90-day period and that request was received with the filing of the petition. Furthermore, the Clerk of Court seemingly had enough to "act" in some way. The act the Clerk took was to send the Plaintiff a bill which was

subsequently paid, also within the 90-day period. The Plaintiff timely paid the bill sent from the Clerk after the request, although it was later discovered a balance was still due on the case. The case is also distinguishable from *Eugene* in that the Clerk received both the request for service and a payment from the Plaintiff within the 90-day period for requesting service. Unlike the plaintiff in *Jones*, who waited until after the denial of pauper status and after the 90-days had run to pay fees for the case, the Plaintiff's payment was made within the 90-period.

Additionally, as the First Circuit noted above in *Lathan*, the Louisiana Supreme Court has appeared to relax the *Tranchant* requirement that service is requested when it can be acted upon. *Lathan Co., Inc.*, 272 So. 3d at 6. Even in *Lathan,* the First Circuit found service was requested although the plaintiff did not strictly comply with the requirements of Louisiana Revised Statutes 13:850(A). Considering these decisions, the payment of the bill sent by the Clerks office, within the 90-day period, appears to be a sufficient request to satisfy Louisiana Revised Statutes 13:5107.

This conclusion is further supported by a recent amendment to La. R.S. 13:5107(D). Specifically, in 2014, the Legislature amended this statute to state:

> D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. *If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.*

SERVICE OF PROCESS—TIME PERIODS FOR SERVICE AND INTERRUPTIONS, 2014 La. Sess. Law Serv. Act 379 (S.B. 222) (WEST) (emphasis added).

The addition to the statute states that a request is "timely if requested on the defendant within [90 days], notwithstanding insufficient or erroneous service." La. R.S. 13:5107(D)(1).

While this addition does not define a request, it does provide that a request is timely even if the service was wrong or not sufficient. Although dealing specifically with service, this provision further emphasizes the difference between service and the request for service, while also clarifying that a proper request can withstand an error in actual service.

Given the statutory changes and the trend in the Louisiana court's jurisprudential interpretation of a request, it appears the Plaintiff took sufficient steps to request service on the Defendants under 13:5107, although an error may have resulted in the lack of actually affecting service. Accordingly, this court finds that service was requested upon the Defendants in this case within the 90-day statutory period for affecting service under Louisiana Revised Statutes 13:5107 and should not be dismissed on those grounds.

### III.  Rule 12(b)(6) Motion to Dismiss

Defendant also briefly avers, without discussion, that Plaintiff failed to state a claim on which relief may granted, and thus the Petition should be dismissed under Rule 12(b)(6). "Motions for failure to state a claim are 'disfavored in the law and rarely granted.'" *Calhoun v. Villa*, 761 F. App'x 297, 299 (5th Cir. 2019). According to Wright and Miller, "[a]ll federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists." 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2019). Upon reviewing the motion to dismiss, the 12(b)(6) motion has not been adequately addressed by either party. Accordingly, this Court will not consider the merits of the motion at this time. If they so choose, the Defendants may raise the issue again, as allowed by Rule 12, to attempt to meet their burden and show why no claim for relief exists. The Rule 12(b)(6) Motion to Dismiss is denied without prejudice.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6)* (Doc. 3) filed by Defendants, the Town of Jackson and Richard Baudoin, is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>February 20, 2020</u>.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**